UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE HAZEL,<br><br>　　　　　　　　Plaintiff,<br>v.<br>PERRY RUSSELL, et al.,<br><br>　　　　　　　　Defendants. | Case No.  3:20-cv-00726-APG-CLB<br><br>ORDER |

　　　　On August 19, 2021, I screened plaintiff Terrance Hazel's complaint under 28 U.S.C. § 1915A. ECF No. 22.  I allowed some claims to proceed and dismissed other claims either with or without leave to amend.  Hazel has filed an amended complaint. ECF No. 26.  I accept the amended complaint as the operative complaint in this case.

　　　　Prior to filing the amended complaint, Hazel updated his address, indicating that he was not incarcerated when he filed the amended complaint. ECF No. 21.  As such, the screening requirements of 28 U.S.C. § 1915A do not apply to the amended complaint. *See Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (holding "that a court may screen a complaint pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint, he is 'incarcerated or detained'"); *cf. Jackson v. Fong*, 870 F.3d 928, 937 (9th Cir. 2017) (holding that a "plaintiff who was a prisoner at the time of filing his suit but was not a prisoner at the time of his operative complaint is not subject to a [Prison Litigation Reform Act] exhaustion defense").

　　　　Under 28 U.S.C. § 1915(e)(2)(B)(i) (iii), cases in which the plaintiff proceeds *in forma pauperis* are subject to screening, and "the court shall dismiss the case at any time if the court

determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (holding that this screening procedure applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated). However, in this case, Hazel has paid the filing fee in full. ECF No. 6. Because Hazel was not incarcerated when he filed the amended complaint, and he paid the filing fee in full, this case is not subject to screening.

This case is therefore removed from the screening pool and will proceed according to standard litigation rules. Hazel may proceed with service upon the defendants. I will not assign this case to the Inmate Early Mediation Program at this time but may do so in the future if it appears that the program will assist the parties in resolving their dispute.

Hazel has also filed a motion requesting that he receive future court orders and filings via email. I construe this as a motion for leave to file and receive documents electronically. I will grant plaintiff's request under Local Rule IC 2-1(b), which states that a "pro se litigant may request the court's authorization to register as a filer in a specific case." A "filer" is defined in the rule as "a person who is issued a login and password to file documents in the court's electronic filing system." LR IC 1-1(b).

For Hazel to register as a filer, he must file a written certification that he has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are available on the court's website, www.nvd.uscourts.gov. After timely filing the certification, Hazel must contact the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

I therefore order that I accept the amended complaint (ECF No. 26) as the operative

complaint in the case. The Clerk of the Court will send Hazel a courtesy copy of the amended complaint.

I further order that the I will not screen the amended complaint, and this case will proceed along a standard litigation track.

I further order that, under Federal Rule of Civil Procedure 4(m), Hazel must perfect service within 90 days from the date this order is entered. Hazel should carefully review the Federal Rules of Civil Procedure to ensure that he complies with the requirements of service, as well as all other requirements of the Federal Rules of Civil Procedure.

I further order that Hazel's motion for leave to file electronically **(ECF No. 25) is granted**. Hazel must comply with the following procedures to activate his CM/ECF account:

(1) By November 15, 2021, Hazel must file a written certification that he has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are available on the court's website, www.nvd.uscourts.gov. Hazel is advised that he is not authorized to file electronically until this certification is filed with the court within the time frame specified.

(2) After timely filing the certification, Hazel must contact the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

DATED THIS 14th day of September 2021.

_____
UNITED STATES DISTRICT JUDGE