**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TERRENCE HAZEL,<br><br>  Plaintiff,<br><br>v.<br><br>PERRY RUSSELL, *et al.*<br><br>  Defendants. | Case No. 3:20-CV-0726-APG-CLB<br><br>**ORDER DENYING REQUEST TO EXTEND TIME AND TO APPOINT COUNSEL**<br><br>[ECF No. 29] |

Before the Court is Plaintiff Terrence Hazel's ("Hazel") letter to the Court seeking an extension of time and urging the Court to appoint counsel. (ECF No. 29.) The Court will address each item in turn.

First, with respect to the letter seeking an extension of time, pursuant to the Court's General Order 2021-05 Section 3(d), "parties must not file 'notices' or 'letters' with the Court unless it is to notify the Court of procedural changes such as changes of address or notices of a change in counsel." Rather, "a request for the Court to rule on something must be filed as a motion." Hazel is advised that any future letters will be summarily stricken from the docket. General Order 2021-05 Section 3(d). Notwithstanding this, the request for an extension of time is now moot because the Office of the Attorney General has now accepted service on behalf of the Defendants. (ECF No. 31.) Therefore, this request is denied as moot.

Second, as to the motion for appointment of counsel, there is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional

circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Exceptional circumstances do not exist in this instance. Hazel's complaint generally alleges he contracted COVID-19 due to NDOC's failure to follow proper protocols to prevent the spread of the virus. (ECF No. 26.) Because Hazel is no longer incarcerated and paid the full filing fee in this case, the Court declined to screen his amended complaint. (ECF No. 27.)

Although Hazel contends he is "overwhelmed and unable to respond as an attorney would," Hazel has demonstrated that he can articulate his claims to the Court. (ECF No. 29.) Hazel's lack of knowledge and experience is unexceptional compared to most prisoner civil rights cases. Moreover, Hazel is no longer incarcerated and may freely seek legal assistance from any number of private attorneys he may choose to contact. Because Hazel has not demonstrated exceptional circumstances, the Court **DENIES** the motion to appoint counsel. (ECF No. 29).

**DATED**: ___January 20, 2022___

**UNITED STATES MAGISTRATE JUDGE**