# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRENCE HAZEL,<br><br>               Plaintiff,<br><br>v.<br><br>PERRY RUSSELL, *et al.*,<br><br>               Defendants. | Case No. 3:20-CV-0726-ART-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 33] |

This case involves a civil rights action filed by Plaintiff Terrence Hazel ("Hazel") against Defendants Charles Daniels, David Greene, Michael Minev, Frances Oakman, and Perry Russell (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion to dismiss. (ECF No. 33.) Hazel responded, (ECF No. 35), and Defendants replied. (ECF No. 36.) For the reasons stated below, the Court recommends that Defendants' motion to dismiss, (ECF No. 33), be granted in part and denied in part.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Hazel is a former inmate of the Nevada Department of Corrections ("NDOC"). Hazel initiated this action on December 31, 2020, while he was incarcerated at the Northern Nevada Correctional Center ("NNCC"), by filing a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Hazel's original complaint related to COVID-19 protocols at NNCC. (ECF No. 23.) The District Court screened Hazel's original complaint and allowed him to: (1) proceed on an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants; (2) dismissed with leave to amend a Fourteenth Amendment due process claim; (3) dismissed with leave to amend a First Amendment retaliation claim; (4)

---

[1]   This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

dismissed with leave to amend a Fourteenth Amendment equal protection claim; (5) dismissed with prejudice ADA/RA claims based on lack of medical care; (6) dismissed with leave to amend other ADA/RA claims; and (7) dismissed with leave to amend a denial of access to courts claim. (ECF No. 22.) Prior to filing his amended complaint, Hazel was released from prison. (*See* ECF Nos. 24, 26.) Because Hazel paid the full filing fee and was no longer incarcerated at the time he filed his amended complaint, the Court removed the amended complaint from the screening pool and allowed Hazel to proceed on the amended complaint. (ECF No. 27.)

Defendants filed the instant motion to dismiss arguing Hazel's amended complaint failed to state a claim upon which relief could be granted, his request for injunctive relief is moot, Hazel failed to allege sufficient claims against any Defendant, and Defendants are entitled to qualified immunity. (ECF No. 33.) Hazel opposed the motion, (ECF No. 35), and Defendants replied. (ECF No. 36.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint challenged "by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires plaintiff to provide actual grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally, a motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "view[ed] . . . in the light most favorable to the" nonmoving party. *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087 (9th Cir. 2021).

The Ninth Circuit has found that two principles apply when deciding whether a complaint states a claim that can survive a 12(b)(6) motion. First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements

of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, "must *plausibly* suggest an entitlement to relief." *Id.* (emphasis added).

Dismissal is proper only where there is no cognizable legal theory or an "absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732). Additionally, the court takes particular care when reviewing the pleadings of a *pro se* party, because a less stringent standard applies to litigants not represented by counsel. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016).

**III.   DISCUSSION**

In his amended complaint, Hazel sues Defendants Warden Perry Russell, NDOC Director Charles Daniels, NDOC Medical Director Dr. Minev, NDOC Mental Health Director Dr. Greene, Carson City Psych Services Supervisor Dr. Oakmund, NNCC Psych Services Supervisor Dr. Caporiles, and NNCC Director Dr. Mears. (ECF No. 26.) Hazel contends that in December 2019, he advised NNCC Administration that NNCC was beyond "Operational Capacity" during attempts to "flatten the Covid infection curve." (*Id.* at 5-6.) Hazel alleges that in retaliation, Defendants processed false disciplinary charges in an attempt to silence him. (*Id.*) For the next year, Hazel claims he used every means possible to advise Defendants that he was a "high risk" of contracting and dying from Covid. (*Id.*) According to Hazel, no one took any measures to respond to his requests to "flatten the Covid curve" and he contracted Covid, received minimal treatment, and has been suffering "long hauler" symptoms. (*Id.*) Hazel seeks injunctive relief, compensatory and punitive damages. (*Id.*)

Defendants have now moved to dismiss the amended complaint, arguing (1) Hazel's request for injunctive relief is moot, (2) his amended complaint fails to state a

claim upon which relief may be granted, and (3) Defendants are entitled to qualified immunity. (ECF No. 33.)

### A. Injunctive Relief

Hazel seeks injunctive relief in the form of "immediate medical examination treatment resulting from Covid damages" and an "[i]njunctive order regarding housing inmates in dorms without proper ventilation." (ECF No. 26 at 6.) The same day Hazel filed his amended complaint, he also filed a notice of change of address indicating he is no longer incarcerated by the NDOC. (*See* ECF No. 24.) An inmate's transfer or release from prison while his claims are pending will generally moot any claims for injunctive relief. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). There is, however, an exception to the mootness doctrine "when (1) the challenged action is too short in duration to be fully litigate prior to its expiration and (2) there is a reasonable expectation that the injury will occur again." *Id.* (citation omitted).

Hazel admits that his request for injunctive relief related to housing is moot, but he states his medical conditions related to Covid have worsened and he wants a "medical exam." (ECF No. 35 at 3.) Hazel's opposition does not address whether an exception to the mootness doctrine applies with respect to his request for a medical examination, but simply states his request is not moot as "he is still [a] ward of State while on parole." (*Id.* at 1.) Even assuming Hazel were to assert, for example, that there was a chance he could be reincarcerated and again in the custody of the NDOC, the possibility of reincarceration is too speculative a basis on which to conclude Hazel's claims are capable of repetition because it depends on him violating his parole. The Ninth Circuit has held that it "will not apply the repetition doctrine because [the releasee] is able, and indeed is required by law, to prevent this from occurring." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988). Accordingly, because Hazel is no longer incarcerated, his request for injunctive relief is moot and should be dismissed.

### B. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

Defendants next argue Hazel's amended complaint fails to allege sufficient facts

to state a claim for relief against Defendants. (ECF No. 33 at 4-5.) Defendants argue that Hazel's amended complaint "amounts to nothing more than [Hazel] contracted Covid while under the custody of the NDOC because Defendants failed to 'follow proper protocols to prevent the spread of the virus.'" (*Id.* at 4.) Defendants assert that this allegation fails as a matter of law because a defendant's own regulations cannot support a constitutional violation. (*Id.* at 4-5.)

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if the action "fails to state a claim on which relief may be granted…." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

Here, the District Court screened Hazel's original complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). (*See* ECF No. 22.) The Court specifically found:

> Hazel states a colorable Eighth Amendment claim against Perry, Daniels, Dr. Minev, Dr. Greene, Dr. Cakmand, Dr. Caporiles, and Mears for the purposes of screening. I liberally construe the complaint as alleging that Hazel informed Perry, Daniels, Dr. Minev, Dr. Greene, Dr. Cakmand, Dr. Caporiles, and Mears that staff at NNCC were not complying with emergency protocols regarding masks, social distancing, and sanitation, which were put in place in to protect inmates from COVID-19. Hazel also informed these defendants that he was at high risk because of his age and chronic illnesses. Although these defendants knew that COVID-19 was a potentially lethal illness and that Hazel was at high risk, none of them acted to ensure that staff followed COVID-19 protocols or took any other action to protect Hazel. As a result, Hazel contracted COVID-19. These allegations are sufficient to state a colorable claim on screening. This claim will proceed against Perry, Daniels, Dr. Minev, Dr. Greene, Dr. Cakmand, Dr. Caporiles, and Mears.

(*Id.* at 7.) While the District Court did not specifically conduct a screening of the amended complaint, the allegations in the amended complaint are similar to those in the original complaint. (*Compare* ECF No. 26, *with* ECF No. 23.) Because the District Court has

already determined that Hazel states a colorable Eighth Amendment claim against Defendants, and Defendants provide no additional basis for dismissal at this early stage of litigation, the Court recommends that Defendants' motion to dismiss, (ECF No. 33), for failure to state a claim be denied.

### C.    Qualified Immunity

The Eleventh Amendment bars damages claims and other actions for retroactive relief against state officials sued in their official capacities. *Brown v. Oregon Dept. of Corrections*, 751 F.3d 983, 988–89 (9th Cir. 2014) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). State officials who are sued individually may also be protected from civil liability for money damages by the qualified immunity doctrine. More than a simple defense to liability, the doctrine is "an entitlement not to stand trial or face other burdens of litigation . . ." such as discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

When conducting a qualified immunity analysis, the Court asks "(1) whether the official violated a constitutional right and (2) whether the constitutional right was clearly established." *C.B. v. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009)). A right is clearly established if it would be clear to a reasonable official in the defendant's position that his conduct in the given situation was constitutionally infirm. *Anderson v. Creighton,* 483 U.S. 635, 639–40, (1987); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012). In the context of a motion to dismiss, factual allegations are taken as true and are construed in the light most favorable to the nonmoving party. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation omitted).

First, Hazel alleges the violation of a clearly established right—that Defendants denied him adequate medical care, which resulted in him contracting Covid-19. *See Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that the Eighth Amendment creates a constitutional obligation on the part of the government to provide prisoners adequate medical care). Second, a reasonable official would know that a denial of adequate

medical treatment violates a plaintiff's Eighth Amendment rights, as the law was clearly established at the time period in question in this case. *See id.* at 103-05; *see also Jackson v. McIntosh*, 90 F.3d 332 (9th Cir. 1996). Accordingly, the Court recommends Defendants' motion to dismiss based on qualified immunity be denied.

## IV.  CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Defendants' motion to dismiss, (ECF No. 33), be granted in part and denied in part.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss, (ECF No. 33), be **GRANTED** in part and **DENIED** in part as follows:

1. Defendants' motion to dismiss Hazel's claims for injunctive relief should be **GRANTED**; and
2. Defendants' motion to dismiss based on failure to state a claim and qualified immunity should be **DENIED** without prejudice.

**DATED**: April 27, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**