UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRENCE HAZEL,<br><br>                              Plaintiff,<br>v.<br>PERRY RUSSELL, *et al.*,<br><br>                              Defendants. | Case No. 3:20-CV-0726-ART-CLB<br><br>ORDER REGARDING MAGISTRATE JUDGE BALDWIN'S REPORT AND RECOMMENDATION [ECF No. 40] |

**I.    SUMMARY**

*Pro se* Plaintiff Terrence Hazel ("Hazel"), a former inmate of the Nevada Department of Corrections ("NDOC"), brought this action under 42 U.S.C. § 1983 while incarcerated at the Northern Nevada Correctional Center ("NNCC"). (ECF No. 1). While incarcerated, Hazel's Complaint was screened, and his Eighth Amendment deliberate indifference to serious medical needs claim was allowed to proceed. (ECF No. 22 at 4-7). Hazel was released from prison prior to filing his Amended Complaint. (*See* ECF Nos. 24, 26). As Hazel was no longer incarcerated when he filed his Amended Complaint, (ECF No. 26) this Court allowed it to proceed without screening. (ECF No. 27). Hazel's Amended Complaint renews his Eighth Amendment claim from his initial Complaint. (ECF No. 26 at 4-6).

Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 40), recommending the Court grant in part and deny in part Defendants' Motion to Dismiss (ECF No. 33). Defendants filed an objection to the R&R. (ECF No. 41 ("Objection")). This Court granted Hazel's motion to extend time to object to the R&R and respond to Defendants' Objection, but Hazel did not do so. (ECF No. 45). Because the Court agrees with Judge

Baldwin's analysis, it adopts the R&R in full. Accordingly, this Court Grants-in-Part and Denies-in-Part Defendants' Motion to Dismiss. (ECF No. 33).

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of Plaintiff's allegations in the First Amended Complaint, or "FAC," provided in the R&R, which the Court adopts. (ECF No. 40 at 3:14-4:2).

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Defendants filed their Objection. (ECF No. 41).

## IV. DISCUSSION

Defendants make several arguments in their Objection. First, Defendants argue that Magistrate Judge Baldwin failed to address Defendants' motion on the merits because she applied an incorrect standard and did not address Defendants' arguments that 1) a violation of NDOC's own policies does not create a constitutional violation and 2) Hazel failed to allege facts sufficient to state a claim. (ECF No. 41 at 1, 3-5). Second, Defendants argue that they are entitled to qualified immunity because 1) there was no constitutional violation, and 2) Hazel did not establish that a clearly established right was violated. (ECF No. 41 at 5-7). The Court will address each argument in turn.

### A. Hazel Pled His Eighth Amendment Claim Sufficiently

Defendants argue that Magistrate Judge Baldwin erred in relying on the Court's order screening Hazel's Complaint because Hazel's Complaint is no longer the operative complaint, and Rule 12(b)(6) is the relevant standard, not 28 U.S.C. 1915A(a) and 1915(e)(2). (ECF No. 41 at 3-4). "The standard for determining

2

1  whether a plaintiff has failed to state a claim upon which relief can be granted
2  under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)
3  standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th
4  Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Hazel's First
5  Amended Complaint includes allegations that he informed Defendants Russell
6  and Daniels NNCC staff were not following specific NDOC COVID-19 protocols:
7  "Specifically: 1. Masks were not worn by inmates or staff; 2. No social distancing
8  or handwashing; 3. No Covid testing of staff or inmates." (ECF No. 26 at 5). Hazel
9  also alleges he subsequently "use[d] every means possible" to advise Defendants
10 Russell, Daniels, Minev, Greene, Oakmund, Caporiles, and Mears that Hazel was
11 at a high risk of "contracting and dying from Covid." *Id.* Hazel's First Amended
12 Complaint alleges that "[n]ot one defendant, or subordinate staff took any
13 measures to respond to my requests, flatten the covid curve, follow Emergency
14 Covid Protocols until thousands of inmates and staff contracted Covid in mid-
15 late 2020." *Id.*

16 "A public official's 'deliberate indifference to a prisoner's serious illness or
17 injury' violates the Eighth Amendment ban against cruel punishment." *Clement*
18 *v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Estelle v. Gamble*, 429 U.S.
19 97, 105 (1976)). There is both an objective and a subjective prong to an actionable
20 Eighth Amendment violation. An inmate must demonstrate they were confined
21 under conditions posing a risk of "objectively, sufficiently serious" harm (the
22 objective prong) and that officials had a "sufficiently culpable state of mind" in
23 denying medical care (the subjective prong). *Id.* (quoting *Wallis v. Baldwin*, 70
24 F.3d 1075, 1076 (9th Cir. 1995). "[K]nown noncompliance with generally
25 accepted guidelines for inmate health strongly indicates deliberate indifference to
26 a substantial risk of serious harm." *Hernandez v. Cty. of Monterey*, 110 F. Supp.
27 3d 929, 943 (N.D. Cal. 2015).

28 Hazel alleges that NNCC staff did not comply with emergency protocols

NDOC put in place to protect inmates from COVID-19. Hazel additionally alleges he informed Defendants of these failures to comply with NDOC's COVID protocols, and that Hazel himself was at a high risk of death or complications from COVID-19, but none of them either acted to ensure staff followed COVID-19 protocols or took other actions to protect Hazel. As a result, Hazel contracted COVID-19 and alleges ongoing complications from that infection. (ECF No. 26 at 6). At the motion to dismiss stage, these allegations are sufficient to satisfy the objective (Hazel was at high risk for complications from COVID-19 and confined in conditions allegedly out of compliance with NDOC COVID-19 policies) and subjective (Defendants allegedly knew of both Hazel's high-risk status and NNCC staff's non-compliance with NDOC COVID-19 policies, but took no action to mandate compliance with COVID-19 policies or otherwise protect Hazel from infection) prongs. Like Magistrate Judge Baldwin, this Court finds that Hazel has sufficiently pled a colorable Eighth Amendment claim against Defendants Russell, Daniels, Dr. Minev, Dr. Greene, Dr. Oakmund, Dr. Caporiles, and Dr. Mears.

### B.     Defendants Are Not Entitled to Qualified Immunity

Next, Defendants argue that Magistrate Judge Baldwin failed to address the two prongs required when analyzing qualified immunity. (ECF No. 41 at 5-7). "In §1983 actions, qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1018 (9th Cir. 2020) (internal quotation marks and citations omitted). Because Hazel has sufficiently pled an Eighth Amendment violation, satisfying the first prong of the qualified immunity analysis, the question is whether the constitutional rights at issue is clearly established. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (courts must consider the alleged violation "in the light most favorable to the party asserting

the injury"), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).

A constitutional right is clearly established if at the time of the government officers' action, the state of the law "gave the officers fair warning that their conduct was unconstitutional." *Ballentine v. Tucker*, 28 F.4th 54, 64 (9th Cir. 2022) (citation omitted). Whether a right is clearly established "depends substantially upon the level of generality at which the relevant 'legal rule' is to be identified." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). While there need not be "a case directly on point, [ ] existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Prison officials have a constitutional obligation to protect inmates from serious communicable diseases. *See, e.g.*, *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("We have great difficulty agreeing that prison authorities may not be deliberately indifferent to an inmate's current health problems but may ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year."); *Hutto v. Finney*, 437 U.S. 678 (1978) (healthy inmates were crowded with inmates infected with hepatitis and venereal disease); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing an Eighth Amendment claim based on an absence of prison policy to screen inmates for communicable diseases and comingling contagious and healthy inmates during an "epidemic of hepatitis C"). This case is unlike the situation in *Hines v. Yousef*, 914 F.3d 1218 (9th Cir. 2019), in which the Ninth Circuit held that a prisoner's increased risk of exposure to a non-communicable fungal infection did not violate the Eighth Amendment. Here the spread of COVID-19, a communicable infectious disease, was in part due to the failure of NNCC to enforce guidelines promulgated by NDOC to protect inmates from the disease, including Mr. Hazel. This Court finds that existing Supreme Court

5

precedent gave government officers fair warning that their alleged failure to abide by or enforce compliance with NDOC guidelines concerning a serious communicable disease was unlawful.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

IT IS THEREFORE ORDERED THAT Plaintiff's objection (ECF No. 40) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled, as stated herein. The Report and Recommendation (ECF No. 40) is therefore adopted in its entirety.

Accordingly, IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 33) is GRANTED in part and DENIED in part as follows:

1. Defendants' Motion to Dismiss Hazel's claims for injunctive relief is GRANTED; and
2. Defendants' Motion to Dismiss based on failure to state a claim and qualified immunity is DENIED without prejudice.

DATED THIS 5th Day of December 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE